**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LONNIE LEE BANARK, | Case No. 2:15-cv-00546-RFB-CWH |
| Plaintiff, | |
| v. | |
| ADAMS, et al., | **ORDER** |
| Defendants. | |

Presently before the court is Plaintiff's motion (ECF No. 31) to deny settlement, filed on June 23, 2016. Also before the court is Defendant's motion (ECF No. 38) to enforce settlement, filed on August 12, 2016. No responses to these motions have been filed.

The parties in this matter attended an Inmate Early Mediation Conference (ECF No. 28) on June 10, 2016. The minutes of the proceedings reflect that the parties reached a settlement at the conference.

In his motion, Plaintiff seeks to "deny" the settlement, citing dissatisfaction with what he describes as biased, coercive, and verbally abusive behavior from the mediator. Plaintiff represents that he considered the proposed settlement but does not assent to it. Plaintiff requests that the court order the case to continue and for discovery to commence.

In their motion, Defendants argue that the parties reached a binding agreement at the settlement conference on June 10, 2016, and that this agreement, as memorialized in Exhibit 2 of ECF No. 38, should be enforced. Defendants represent that the parties negotiated, reached an agreement, and that after listening to a recitation of the terms of the agreement by the mediator, both Defendants and Plaintiff assented to the agreement at the time of the hearing.

The transcript (ECF No. 44) of the settlement hearing shows that the parties did reach an agreement in open court on the day of the hearing, that they understood themselves to be entering into a binding agreement, that both parties were given opportunity to raise any concerns about the agreement, and that both parties understood that neither party would have the opportunity to

withdraw from the agreement.

First, counsel for Defendant, Jared Frost, reported to the court the contents of the agreement by reading them aloud. Settlement Hr'g Tr. 3:25-4:19. Then, the mediator, Michael McGroarty, asked both parties a series of questions regarding the parties' understanding that the agreement as reported to the court was binding and enforceable. *Id.* at 4:20-8:6. Both parties responded to all questions, both parties affirmed that a binding agreement had been reached, and both parties agreed that neither party could withdraw from the agreement or modify it without mutual consent. Neither party expressed any reservation about entering into the agreement. *Id*. Nothing in the transcript or audio recording of the hearing indicates any attempt at coercion, nor did Plaintiff make any statements at the hearing suggesting his assent to the agreement was coerced.

This Circuit has held that "a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Further, an oral assent to a recitation of an agreement is sufficient to bind a party to that agreement. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002). Based on the statements made in the transcript, the court finds that the parties entered into a binding agreement in open court on June 10, 2016, and that Defendants' Exhibit 2 of ECF No. 38 is an accurate representation of that agreement.

IT IS THEREFORE ORDERED that Plaintiff's motion (ECF No. 31) to deny settlement is DENIED.

IT IS FURTHER ORDERED that Defendants' motion (ECF No. 38) to enforce settlement is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion (ECF No. 40) for a quick and speedy jury trial is DENIED as moot.

DATED: September 13, 2016.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge